MᴄGREGOR W. SCOTT
United States Attorney
DAVID W. SPENCER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:  (916) 554-2900



**FILED**

Oct 14, 2020

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

Attorneys for Plaintiff
United States of America



## IN THE UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

IN THE MATTER OF THE APPLICATION
OF THE UNITED STATES OF AMERICA
FOR AN ORDER AUTHORIZING THE
INSTALLATION AND USE OF PEN
REGISTERS AND TRAP AND TRACE
DEVICES FOR A CELLULAR TELEPHONE
ASSIGNED CALL NUMBER (916) 667-5694

CASE NO.     2:20-sw-0968 DB

ORDER

**UNDER SEAL**

### ORDER

DAVID W. SPENCER, on behalf of the United States, has submitted an application pursuant to

18 U.S.C. §§ 3122 and 3123, requesting that the Court issue an Order authorizing the installation and

use of pen registers and trap and trace devices ("pen-trap devices") on the cell phone number described

in Attachment A, which is incorporated into this Order by reference.

The Court finds that an attorney for the government has submitted the application and has

certified that the information likely to be obtained by such installation and use is relevant to an ongoing

criminal investigation being conducted by the DEA of unknown individuals in connection with possible

violations of Conspiracy to Possess with Intent to Distribute Controlled Substances and Possession with

Intent to Distribute Controlled Substances in violation of 21 U.S.C §§ 841, 846 and 21 U.S.C. § 841.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 3123, that DEA may install and use

pen-trap devices to record, decode, and/or capture dialing, routing, addressing, and signaling

information associated with each communication to or from the cell phone number described in

Attachment A, including the date, time, and duration of the communication, and the following, without geographic limit:

- IP addresses associated with the cell phone device or devices used to send or receive electronic communications
- Any unique identifiers associated with the cell phone device or devices used to make and receive calls with cell phone number described in Attachment A, or to send or receive other electronic communications, including the ESN, MEIN, IMSI, IMEI, SIM, MSISDN, or MIN
- IP addresses of any websites or other servers to which the cell phone device or devices connected
- Source and destination telephone numbers and email addresses

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(c)(1), that the use and installation of the foregoing is authorized for sixty days from the date of this Order;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that Verizon Wireless and any other person or entity providing wire or electronic communication service in the United States whose assistance may, pursuant to 18 U.S.C. § 3123(a), facilitate the execution of this Order shall, upon service of this Order, furnish information, facilities, and technical assistance necessary to install the pen-trap devices, including installation and operation of the pen-trap devices unobtrusively and with minimum disruption of normal service;

IT IS FURTHER ORDERED that the DEA reasonably compensate Verizon Wireless and any other person or entity whose assistance facilitates execution of this Order for reasonable expenses incurred in complying with this Order;

IT IS FURTHER ORDERED that Verizon Wireless and any other person or entity whose assistance may facilitate execution of this Order notify the applicant and the DEA of any changes relating to the cell phone number described in Attachment A, including changes to subscriber information, and to provide prior notice to the DEA before terminating or changing service to the cell phone number;

/ / /

1    IT IS FURTHER ORDERED that the DEA and the applicant have access to the information

2    collected by the pen-trap devices as soon as practicable, twenty-four hours per day, or at such other

3    times as may be acceptable to the DEA, for the duration of the Order;

4    IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(d)(2), that Verizon Wireless and any

5    other person or entity whose assistance facilitates execution of this Order, and their agents and

6    employees, shall not disclose in any manner, directly or indirectly, by any action or inaction, the

7    existence of the application and this Order, the pen-trap devices, or the investigation to any person,

8    unless and until otherwise ordered by the Court, except that Verizon Wireless may disclose this Order to

9    an attorney for Verizon Wireless for the purpose of receiving legal advice;

10    IT IS FURTHER ORDERED that the Clerk of the Court shall provide the United States

11    Attorney's Office with three certified copies of this application and Order, and shall provide copies of

12    this Order to the DEA and Verizon Wireless upon request;

13    IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise

14    ordered by the Court, pursuant to 18 U.S.C. § 3123(d)(1).

15

16

17    Dated:   October 14, 2020

18    DEBORAH BARNES
     UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28

## ATTACHMENT A

Verizon Wireless

| Facility | User, if known | Subject of investigation, if known |
|---|---|---|
| (916) 667-5694 | n/a | Christian Anthony ROMERO |